**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 20-1278
_____

QUINTEZ TALLEY,
                                        Appellant

v.

PA. DEPT. OF CORRECTIONS; JOHN E. WETZEL; TAMMY FERGUSON;
BOBBY JO SALAMON; TIMOTHY GRAHAM; B. ANSTEAD;
SCOTT ELLENBERGER; DAVE LINK; LT. SHAW; SGT. RYDER; C.O. BALKO;
JERROLD LINCOLN; CHIEF, SAFETY & ENVIRONMENTAL PROTECTION
DIVISION; TAMMY S. FAGAN; BUREAU OF HEALTH CARE SERVICES;
DORINA VARNER; C.O. SAYLOR

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3:16-cv-02074)
District Judge:  Honorable James M. Munley

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
June 20, 2024

Before: SHWARTZ, RESTREPO, and FREEMAN, <u>Circuit Judges</u>

(Opinion filed: July 2, 2024)

_____

OPINION[*]

_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Pennsylvania state prisoner Quintez Talley, who is a frequent filer in the federal courts,[1] appeals from the District Court's entry of summary judgment against him in this civil rights action that he brought pursuant to 42 U.S.C. § 1983. For the reasons that follow, we will affirm that judgment.

I.

In April 2018, Talley filed an amended civil rights complaint in the District Court against a host of defendants (hereinafter "Appellees"). Only nine days after a subset of Appellees answered the amended complaint, the District Court received from Talley a motion for summary judgment. That subset of Appellees later requested two extensions of the deadline to respond to Talley's motion. A United States Magistrate Judge granted those extension requests in July 2018 and January 2019, respectively. In the latter decision, the Magistrate Judge also struck Talley's summary-judgment motion without prejudice to his ability to refile it after the close of discovery. Talley objected to the January 2019 decision. In February 2019, the District Court construed that decision as a report and recommendation (in an abundance of caution), adopted it, and denied Talley's summary-judgment motion without prejudice to his ability to refile it later.

In July 2019, all Appellees moved for summary judgment. Although the Magistrate Judge twice ordered Talley to respond to those motions, he did not do so. Nor did he refile his own summary-judgment motion. On December 30, 2019, the Magistrate

---

[1] In this Court alone, Talley has brought more than three dozen cases since 2019.

Judge (1) recommended that the District Court grant Appellees' summary-judgment motions on their merits, and (2) notified Talley that he had 14 days to object to that recommendation. Talley did not file objections. On January 17, 2020, the District Court adopted the Magistrate Judge's recommendation, granted summary judgment in favor of Appellees, and directed the District Court Clerk to close the case. This timely appeal followed.[2]

## II.

Talley's appellate briefing is not a model of clarity.[3] Liberally construed, it challenges the extensions granted to Appellees, the without-prejudice denial of Talley's motion for summary judgment, and the District Court's dispositive decision granting summary judgment in favor of Appellees. As explained below, none of these challenges entitles Talley to relief here.

The District Court's denial of Talley's motion for summary judgment explicitly afforded him the opportunity to refile that motion. But he did not take advantage of that opportunity. On appeal, he is not arguing that he was prevented from doing so, nor is he

---

[2] We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.

[3] When the Clerk issued the briefing schedule, Talley did not respond by filing a brief. Instead, he moved to combine four of his prior filings in this appeal — Docket Nos. 16, 31, 43, and 55 — and treat that collective as his brief. But Docket Nos. 31 and 55, as well as part of Docket No. 43, concern his request to proceed in forma pauperis ("IFP") in this appeal — an issue that this Court resolved in a May 4, 2023 order granting him that relief. Accordingly, only Docket No. 16 and the remaining part of Docket No. 43 are relevant at this stage. In an abundance of caution, and in view of Talley's pro se status, we treat Docket No. 16 and the remaining part of Docket No. 43, collectively, as his brief. To the extent that Appellees ask us to strike Docket No. 31, No. 55, and the IFP portion of No. 43, that request is denied.

asking us to remand so that he can refile it now.  Instead, he repeatedly asks us to remand for a trial— relief that would not flow from a successful challenge to (a) the without-prejudice denial of his summary-judgment motion, or (b) the grant of Appellees' related extension requests.[4]  Accordingly, even if we were to assume for the sake of argument that the District Court or the Magistrate Judge committed some error in denying Talley's summary-judgment motion without prejudice or granting Appellees' two extension requests, there would be no reason for us to vacate the District Court's judgment.  See generally Leyse v. Bank of Am. Nat'l Ass'n, 804 F.3d 316, 321 (3d Cir. 2015) ("When considering an appeal, we must give judgment 'without regard to errors or defects which do not affect the substantial rights of the parties.'" (quoting 28 U.S.C. § 2111)).[5]

As for Talley's challenge to the District Court's January 17, 2020 decision granting Appellees' motions for summary judgment, he has forfeited that challenge by not opposing those motions in the District Court.  See P.R.B.A. Corp. v. HMS Host Toll Roads, Inc., 808 F.3d 221, 224 n.1 (3d Cir. 2015) ("It is a well-settled rule that a party opposing a summary judgment motion must inform the trial judge of the reasons, legal or factual, why summary judgment should not be entered.  If [he] does not do so, and loses

---

[4] For a trial to be warranted in this case, Talley would need to establish that the District Court erred in granting summary judgment in favor of Appellees.  But as we explain later in this opinion, Talley has forfeited his challenge to that summary-judgment decision.

[5] To the extent that Talley characterizes the District Court's February 2019 decision as "instructing [Appellees] to file an untimely motion for summary judgment," 3d Cir. Dkt. No. 16, at 21, that characterization is baseless.

the motion, [he] cannot raise such reasons on appeal." (quoting <u>Liberles v. Cook County</u>, 709 F.2d 1122, 1126 (7th Cir. 1983))).

In view of the above, we will affirm the District Court's judgment.[6]

---

[6] To the extent that Appellees ask us to dismiss this appeal as frivolous, we decline to do so. We deny as moot Talley's motion to lift the stay and grant him IFP status in this appeal. We also deny Talley's motion for sanctions, his motion to reconsider this Court's May 4, 2023 order, and his motion to transfer all his pending appeals to the panel of this Court that issued that order. To the extent that Talley seeks any other relief from this Court in connection with this appeal, that relief is denied as well.